**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MICHAEL RAMSHAW, et al.,          )
                                   )
          Plaintiffs/Counter-Defendants,   )
                                   )
     v.                            )          Case No. 4:20-CV-359-NAB
                                   )
BERNHARD EHRET, et al.,           )
                                   )
          Defendants/Counter-Plaintiffs.   )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Extension of Time to Complete

Mediation. (Doc. 30), Plaintiffs' Motion to Compel Defendants' Discovery Responses and For

Sanctions, (Doc. 40), and Defendants' Motion for Leave to File Sur-reply (Doc. 44.)

**I.     Background**

This case is a contract dispute between two individuals, Plaintiff Michael Ramshaw and

Defendant Bernhard Ehret, and their respective companies, Plaintiffs MidAmerica Equipment

Solutions and GEP America and Defendant Global Ehret Processing Technology. The parties

entered into agreements related to the sales and marketing services for manufacturers of printing,

binding, and graphic arts equipment. Plaintiffs initiated this action on March 6, 2020, and

Defendants have filed counterclaims.

On August 4, 2020, Plaintiffs served Defendants their first requests for production of

documents and first set of interrogatories. Pursuant to the Court's Case Management Order,

Plaintiffs timely requested a pre-motion telephone conference regarding Defendants' failure to

respond to Plaintiffs' discovery requests. On October 9, 2020, the Court held the pre-motion

conference and ordered Defendants to respond to Plaintiffs' first requests for production and first

interrogatories no later than October 15, 2020. (Doc. 25.) At that point, Defendants' discovery responses were approximately five weeks overdue. On October 16, 2020, Defendants filed a motion for extension of time to complete their court-ordered document production by October 23, 2020. (Doc. 26.) Plaintiffs did not oppose the motion. On November 24, 2020, the Court retroactively granted Defendants' motion for the seven-day extension of time to complete their document production. (Doc. 32.)

On November 23, 2020, Defendants filed a motion for an extension of time to complete mediation.[1]  In their briefing on the motion for extension, the parties disputed whether Defendants sufficiently responded to Plaintiffs' discovery requests, which affected whether the parties were prepared for a productive mediation. On December 21, 2020, the Court held a hearing on Defendants' motion for an extension of time to mediate.[2] At the hearing, it became apparent that although Defendants made a production, the parties' discovery dispute was not resolved, and the Court ordered Defendants to supplement and/or amend their responses to Plaintiffs' requests for production and interrogatories by January 26, 2021. (Doc. 39.)

On April 14, 2021, Plaintiffs filed the present motion to compel Defendant's discovery responses and for sanctions. (Doc. 40.) Defendants filed a response, Plaintiffs filed a reply, and Defendants moved for leave to file a sur-reply.

## II.    Defendants' Motion for Leave to File Sur-Reply

---

[1] The parties' ADR completion deadline was November 24, 2020. (Doc. 21.) On October 26, 2020, they completed the Designation of Neutral and identified Jason Rugo as their mediator for a mediation to take place after Defendants "complete the process of producing all of the responsive discovery in proper form."

[2] The Court had originally set the motion hearing for December 11, 2020. However, Defendant's counsel failed to appear due to an unexpected illness. (Doc. 39.)

Defendants seek leave to file a sur-reply. Plaintiffs did not file an opposition. The undersigned has reviewed the one-page proposed sur-reply, and in the interest of full consideration of the issues, the Court hereby grants Defendants' motion for leave. (Doc. 44.)

## III.    Plaintiffs' Motion to Compel

Plaintiffs' motion to compel asserts that on January 25, 2021, Defendants re-sent discovery responses by way of multiple individual emails with "comments" that were not incorporated into Defendants' written discovery responses, and that Defendants did not address all of Plaintiffs' discovery requests, despite Defendants' lack of objection to the discovery requests. On February 3, 2021, Plaintiffs sent a letter outlining deficiencies in Defendants' responses and asked Defendants to address the deficiencies by February 12. Later that day, Defendants responded they would "immediately" address the letter with Mr. Ehret and "promptly respond." Defendants did not promptly follow up with Plaintiffs, despite their commitment to do so. On March 3, 2021, Plaintiffs again reached out regarding the February 3rd letter, after receiving no further response from Defendants. On March 4, 2021, Defendants responded that Mr. Ehret sought four more weeks due to the extensiveness of the request and adverse impact of the pandemic. Plaintiffs responded by asking that additional documents be produced by March 19, 2021. (Doc. 43-1.) Defendants did not produce additional documents by March 19, 2021. This motion followed.

Consistent with the February 3rd letter, Plaintiffs now seek to compel responses to Request for Production Nos. 5, 6, 7, and 13. In response to the motion, Defendants assert the documents were fully produced by April 28, 2021, the day Defendants filed their opposition to the motion, such that the motion is now moot. Plaintiffs filed a reply, reiterating a request for sanctions, but the reply does not request an order compelling production of documents. Because it appears that

Plaintiffs are now satisfied with Defendants' responses and production, the motion to compel responses to Request for Production Nos. 5, 6, 7, and 13 is denied as moot.

## IV.    Plaintiffs' Request for Sanctions

In the motion to compel, Plaintiffs also seek sanctions against Defendants pursuant to Rule 37. Plaintiffs seek an award for their costs, including reasonable attorney's fees associated with Defendants' "ongoing discovery failures." *See Arnold v. ADT Sec. Services, Inc.,* 627 F.3d 716, 720 (8th Cir. 2010) (noting that "[u]pon granting a motion to compel, a court must require the party 'whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees'" and that "[s]uch payment must be ordered unless (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the nondisclosure was substantially justified, or (3) other circumstances would make the award of expenses unjust") (quoting Fed.R.Civ.P. 37(a)(5)(A)).

"[A] district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." *United States v. Big D Enterprises, Inc.,* 184 F.3d 924, 936 (8th Cir. 1999). However, "[t]he court's discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just.'" *Hairston v. Alert Safety Light Prods., Inc.,* 307 F.3d 717, 719 (8th Cir. 2002).

Plaintiffs argue that Defendants' repeated failures to comply with the Federal Rules and the Court's Orders warrant sanctions. Defendants admit that their responses are overdue, but give an array of excuses to justify their delay.[3] Defendants state that although their January 25, 2021 production did not satisfy Plaintiffs, it complied with the Court's order following the December

---

[3] Some of Defendants' excuses for the delay appear to be wholly irrelevant to Defendants' conduct, and Defendants have failed to explain their connection to this case. For example, it is unclear to the Court how a royal funeral in the UK or the resurgence of the pandemic in India are connected to Defendants' delay in producing documents to Plaintiffs. (Doc. 42 at ¶¶ 5, 8.) The Court will not entertain such excuses.

4

21, 2020 hearing. Defendants concede they did not supplement their production by March 19 as requested by Plaintiffs, but defense counsel contends he never received Plaintiffs' March 4, 2021 email asking for a supplement no later than March 19. Defendants state Mr. Ehret was in critical condition due to COVID-19 and for that reason was unable to comply fully by March 19, 2021. For all these reasons, Defendants argue that under the circumstances, sanctions are not warranted.

The undersigned has considered the parties' arguments. Based on a careful review of the record, the Court finds that an award of sanctions associated with collecting discovery from Defendants is not warranted at this time. The Court informs Defendants, however, that it is their responsibility to timely respond to discovery requests and communications from Plaintiffs and from the Court. Plaintiffs have exhausted significant efforts to obtain documents originally requested in August 2020. In the future, the Court will not tolerate unjustified delays. Plaintiffs' request for sanctions will be denied without prejudice. If there is future noncompliance with the Rules or orders of the Court, Plaintiffs can renew their motion for sanctions.

## V.      Defendants' Motion for an Extension of Time to Mediate

Defendants' motion to extend the time to complete mediation has been pending for several months to accommodate the parties' need for additional time to complete discovery. Defendants moved to extend the Alternative Dispute Resolution referral deadline to February 28, 2021. The proposed deadline has passed. Additionally, based on the delayed supplementation of Defendants' discovery responses and document production, the parties would not have been prepared to mediate by Defendants' proposed deadline.

Now that Defendants have supplemented their discovery responses, the parties should be in the position to move forward with mediation. The parties will need an extension of the ADR referral and other deadlines in the current Case Management Order. (Doc. 19.) Therefore, the Court

will grant in part the motion for an extension of time to mediate. Additionally, counsel for the parties are ordered to meet and confer and prepare a new joint scheduling plan for further proceedings in this case. The plan should address each date in the current Case Management Order and propose new agreeable dates. If necessary, the Court will set a Zoom conference with the parties to discuss the proposed schedule and any other remaining issues.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to file a one-paragraph sur-reply is **GRANTED**. (Doc. 44.)

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel is **DENIED as moot**. (Doc. 40.) Plaintiffs' request for sanctions is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to Complete Mediation is **GRANTED in part**. (Doc. 30.)

**IT IS FINALLY ORDERED** that the parties shall meet and confer and submit a new joint scheduling plan no later than **June 4, 2021**.

Failure to comply with this Order may result in the imposition of sanctions.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of May, 2021.

6