**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL RAMSHAW, et al., | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-359-NAB |
| | ) | |
| BERNHARD EHRET, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on attorney Steven H. Jesser's ("Jesser") Motion to Withdraw. (Doc. 48.) Jesser seeks to withdraw as counsel for Defendants/Counter-Plaintiffs Bernhard Ehret and Global Ehret Processing Technology d/b/a GEP Germany GMBH (collectively, "Defendants"). The Motion states that "[s]ince March 2021, Jesser has been attempting to resolve a cooperation issue which has arisen between him and Mr. Ehret. Actual irreconcilable differences have arisen since March, 2021 between Jesser and Mr. Ehret." Jesser further states that he cannot engage in the upcoming depositions, pre-trial proceedings, and trial in the present relationship between him and his clients.

This case is a contract dispute between two individuals, Plaintiff Michael Ramshaw and Defendant Bernhard Ehret, and their respective companies, Plaintiffs MidAmerica Equipment Solutions and GEP America and Defendant Global Ehret Processing Technology. The parties entered into agreements related to the sales and marketing services for manufacturers of printing, binding, and graphic arts equipment. Plaintiffs initiated this action on March 6, 2020, and Defendants have filed counterclaims.

Jesser's Motion and Plaintiffs' Response both acknowledge the schedule in this matter. On June 8, 2021, after delays related to discovery and mediation disputes between the parties, the Court issued the First Amended Case Management Order ("CMO"). (Doc. 47.) The parties are well aware of the dates contained the CMO, as these dates were proposed by the parties in their Second Joint Proposed Scheduling Plan. (Doc. 46.) The Court notes that in accordance with the schedule the parties selected, discovery is underway, with expert witness depositions to take place no later than September 24, 2021, and discovery to be completed by December 1, 2021. The parties are scheduled to be referred to ADR on September 27, 2021, and the case is set for trial on June 27, 2022. (Doc. 47.)

The Court has adopted the Rules of Professional Conduct of the Supreme Court of Missouri. *See* E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if good cause for withdrawal exists. *See* Missouri Supreme Court Rule of Professional Conduct 4-l.16(b). Further, "a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

The Court generally will not allow an attorney to withdraw unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation, partnership, or other business association. Such artificial entities can only act through agents, cannot appear pro se, and must be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (artificial entities may appear in federal courts only through licensed attorneys). If the Court grants the Motion to Withdraw, Defendant/Counter-Plaintiff

Global Ehret Processing Technology d/b/a GEP Germany GMBH, would be a pro se party, as would Defendant/Counter-Plaintiff Bernhard Ehret.

Defendant/Counter-Plaintiff Global Ehret Processing Technology d/b/a GEP Germany GMBH is a business entity that cannot appear or file any papers or motions in this case except through a licensed attorney. Therefore, this Defendant must either secure new counsel within the time allowed by the Court or be subject to a potential default judgment entered in favor of Plaintiffs. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F .3d 852, 856-57 (8th Cir. 1996) (corporation was technically in default as of the time its counsel withdrew); *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996) ("Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel.").

The Court will withhold ruling on Jesser's Motion to Withdraw for a period of thirty (30) days from the date of this Order to allow Defendants time to obtain substitute counsel. If Defendants fail to obtain substitute counsel within the time allowed, the Court will proceed to consider the merits of the Motion to Withdraw.

Additionally, while the Motion to Withdraw is pending, the Court will stay the ADR referral scheduled to begin on September 27, 2021.

Lastly, Jesser's Motion and Reply each contain a certificate of service stating that the document was emailed and mailed to Mr. Ehret. The Court instructs Mr. Jesser to also send Plaintiffs' Response to Jesser's Motion (Doc. 51) and the present Memorandum and Order to Mr. Ehret by email and mail.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants/Counter-Plaintiffs Bernhard Ehret and Global Ehret Processing Technology d/b/a GEP Germany GMBH shall obtain new counsel and Defendants' substitute counsel shall enter an appearance in this case by October 25, 2021.

**IT IS FURTHER ORDERED** that attorney Steven Jesser shall provide a copy of Plaintiffs' Response to the Motion to Withdraw (Doc. 51) and this Memorandum and Order to the Defendants and file a Notice with the Court certifying they have done so by September 28, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　NANNETTE A. BAKER
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2021.