UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL RAMSHAW, et al., ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-359-NAB |
| ) | |
| BERNHARD EHRET, et al., ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Plaintiffs' Second Motion to Compel Defendants' Discovery Responses and for Sanctions. (Doc. 55.) As is explained below, the Court previously granted the motion to compel and took the sanctions request under submission. The Court now grants the request for sanctions.

**Background**

The Court has held several discovery and status conferences with the parties related to Plaintiffs' concerns regarding Defendants' incomplete and untimely discovery responses. The Court summarized Defendants' conduct in prior orders and will not repeat itself here. (*See, e.g.,* Docs. 30, 45; *see also* Plaintiffs' First and Second Motions to Compel, Docs. 40 and 55.)

In the May 25, 2021 Order denying the first motion to compel as moot and denying Plaintiffs' request for sanctions without prejudice, the undersigned reminded Defendants of their discovery obligations, acknowledged that Plaintiffs already exhausted significant efforts to obtain discovery in this case, and warned Defendants that further unjustified delays will not be tolerated. The Court further stated that if there is future noncompliance with the Rules or the Court's orders, Plaintiffs could renew their motion for sanctions.

On October 22, 2021, Plaintiffs filed the present second motion to compel. In the motion, Plaintiffs state that they served second requests for production and interrogatories on August 31, 2021, and Defendants failed to respond to the second set of requests. Plaintiffs further state that there remain multiple deficiencies in Defendants' responses and supplemental responses to Plaintiffs' first set of discovery requests originally propounded on August 4, 2020. Plaintiffs point out that "[attorney] Jesser has continued to forward, by multiple emails, what are often rambling, incomplete summaries prepared by Defendants, not clear responses directed to the requests." (Doc. 55.) During previous discovery hearings, attorney Jesser confirmed that he forwards to Plaintiffs the emails he receives from his client.

On September 6, 2021, attorney Jesser filed a motion to withdraw as counsel for Defendants, citing "long-standing cooperation issues" and "irreconcilable differences" between Jesser and his client as the basis for withdrawal. (Docs. 48, 52.) On November 5, 2021, after the entry of new counsel, the Court granted attorney Jesser's motion to withdraw as counsel for Defendants. (Doc. 60.) On November 16, 2021, the Court held a status conference with Plaintiffs' counsel and Defendants' new counsel.  (Doc. 61.) Although Plaintiffs' second motion to compel and for sanctions was not called at the hearing that day, the Court allowed Plaintiffs to make oral argument, and Defendants orally responded. Defendants were given the opportunity to respond in writing and respectfully declined due to Defendants' new counsel's lack of historical knowledge regarding Defendants' previous discovery efforts and Plaintiffs' allegations. Defense counsel did concede that Plaintiffs are entitled to discovery related to the claims in this case, and that none of the delays in this case appear to be the fault of Plaintiffs. At the hearing, the Court orally granted the motion to compel and ordered Defendants to respond to Plaintiffs' discovery requests no later than January 31, 2022. The Court reserved ruling on the motion for sanctions. (Doc. 61.)

**Discussion**

This Court's "authority to sanction a party for its discovery misconduct flows from its inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, including fashioning an appropriate sanction for conduct which abuses the judicial process." *HM Compounding Servs., LLC. v. Express Scripts, Inc.*, 349 F.Supp.3d 794, 799 (E.D. Mo. 2018). Pursuant to Rule 37, a court has express authority to impose sanctions for discovery violations. *Id.* (citing *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 642-643 (1976)). Additionally, an "evasive or incomplete disclosure, answer, or response [is] treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The Court has broad discretion to shape an appropriate remedy, whether it's entering default judgment, striking pleadings, providing an adverse jury instruction, or awarding attorney's fees and costs. *Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 745-46 (8th Cir. 2004). In creating an appropriate remedy, the Court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

Defendants' conduct throughout this matter has caused significant delay in this case. The parties have been unable to mediate due to a lack of meaningful discovery. The parties have thrown out the case management order altogether twice, most recently submitting a **third** Joint Scheduling Plan completely amending the scheduling order due to the inability to complete discovery in a timely fashion. Plaintiffs have incurred prejudice in the delay caused by these discovery issues, and through the time, effort, and resources required to review Defendants' deficient discovery responses, request pre-motion conferences, file motions to compel, and attend conferences with

the Court on this matter. The Court finds Defendants' conduct has caused Plaintiffs substantial prejudice.

Despite prior warnings of sanctions, and numerous indications there was a problem with their discovery responses, Defendants continued their failure to respond to discovery requests and to provide responses that are not in compliance with the Federal Rules and the Court's orders.

The Court finds that the appropriate sanctions to address the violations of the rules of discovery are to award reasonable attorneys' fees and costs to Plaintiffs for their efforts to obtain discovery. Plaintiffs shall submit to the Court, within fourteen days of this order, an affidavit and supporting documentation showing the fees and costs incurred in making their motions to compel and in addressing Defendants' noncompliance with the discovery rules. No later than ten days after Plaintiffs' submissions are due, Defendants may file a brief in response of no more than four pages, if it disputes any of the fees and costs claimed by Plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion to Compel Defendants' Discovery Responses and for Sanctions is **GRANTED**. (Doc. 55.)

**IT IS FURTHER ORDERED** that Plaintiffs shall submit to the Court, within **fourteen days** of this order, an affidavit and supporting documentation showing the fees and costs as detailed above. No later than **ten days** after Plaintiffs' submissions are due, Defendants may file a brief in response of no more than four pages.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of January, 2022.

4