# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RAMSHAW, et al., | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-359-NAB |
| | ) | |
| BERNHARD EHRET, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiffs' Affidavits of Fees and Costs. (Docs. 66, 78.) This Court previously issued two orders granting Plaintiffs' motions related to discovery disputes. On January 11, 2022, the Court granted Plaintiffs' Second Motion to Compel and for Sanctions and ordered Plaintiffs to submit an affidavit and supporting documentation showing the fees and costs incurred in making their motions to compel and in addressing Defendants' noncompliance with the discovery rules. (Doc. 65.) On May 24, 2022, the Court granted Plaintiffs' Renewed Second Motion to Compel and for Sanctions and ordered Plaintiffs to submit an affidavit and supporting documentation showing the fees and costs incurred in making their renewed second motion to compel and in addressing Defendants' continued noncompliance with the discovery rules. (Doc. 74.) Plaintiffs timely filed affidavits in response to both orders.

**Discussion**

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the

movant's reasonable expenses incurred in making the motion, including attorney's fees." *See also Arnold v. APT Sec. Servs., Inc.*, 627 F.3d 716, 720 (8th Cir. 2010). This is a mandatory award of attorney's fees as sanctions that the Court must award unless it were to determine that:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Pursuant to Rule 37(b), payment of reasonable fees and expenses is also an appropriate sanction for failure to comply with a court order. Such an award "to reimburse the opposing party for expenses caused by the failure to cooperate" is the least severe of all the sanctions authorized by Rule 37(b). *Ofoedu v. St. Francis Hosp.*, 234 F.R.D. 26, 33 (D. Conn. 2006). Such sanctions are appropriate where the offending parties' conduct required their opponents to spend their time "'hounding' [them] for discovery instead of preparing the case." *A.O.A. v. Rennert*, Case No. 4:11 CV 44 CDP, 2018 WL 1251827, at *3 (E.D. Mo. Mar. 12, 2018) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000)).

As the Court stated in the two prior orders, Plaintiffs will be awarded the reasonable fees and expenses incurred in making their motions to compel and in addressing Defendants' years of noncompliance with the discovery rules. It is worth noting that throughout this litigation, Defendants have represented (by way of pleadings and statements made by former counsel during court conferences) that Defendants are in a precarious financial position and believe themselves to be "judgment-proof." (*E.g.,* Docs. 26, 30, 42.) Although the Court is sympathetic to the impact that the COVID-19 pandemic has had on the parties and on the world, this cannot be an excuse for willingly ignoring the Court's orders and otherwise unnecessarily driving up the cost of litigation for Plaintiffs and the Court.

The undersigned has evaluated Plaintiffs' affidavits, the supporting invoices reflecting the services rendered and related time expended and fees charged, and will address each affidavit.

**A.      January 9, 2022 Affidavit of Attorney's Fees and Costs (Doc. 66)**

Plaintiffs seek fees and expenses totaling $21,572.00 for discovery efforts from October 9, 2020 (the first Court conference required to address discovery disputes) through November 16, 2021 (the Court conference and hearing on Plaintiffs' second motion for sanctions).

In Defendants' response they do not object to Plaintiffs' attorneys' rates, nor do they contest that Plaintiffs are entitled to relief in the form of attorney's fees generally. Defendants argue that the amount requested is excessive in that Plaintiffs seek fees relating to what Defendants call "non-conforming time entries" in which Plaintiffs include services that do not relate to making their motions to compel or addressing Defendants' noncompliance with the discovery rules. (Docs. 67, 67-1.) First, Defendants ask that the sanctions be reduced by at least $8,971 for the non-conforming time entries, leaving $12,601 in fees if the Court agrees with each non-conforming time entry alleged by Defendants. Second, Defendants suggest applying a percentage discount to the remaining fees sought to account for Plaintiffs' inclusion of "mixed-use time entries" wherein Plaintiffs' entries reflect work done related to discovery and to another aspect of the litigation. Defendants ask the Court to reduce the remaining fees sought by 20% or 25% to account for the mixed-time entries, which would leave a sanctions award in the range of $9,451 to $10,081.[1]

Plaintiffs reply to Defendants' response concedes that one time entry in which Plaintiffs reviewed their own documents was included in error, and Plaintiffs are now seeking $21,332 in fees after removing the 1.6 hour time entry from their submission. (Doc. 69-1.)

---

[1] Defendants came to these amounts by starting with $21,572 (Plaintiffs' requested fees) minus $8,971 (less fees for non-conforming time entries). This leaves fees of $12,601. Reducing $12,601 by a 20% discount leaves $9,451 in fees. Alternatively, reducing the $12,601 by a 25% discount leaves $10,081 in fees.

The Court has reviewed the entries highlighted by Defendants and generally disagrees with the wholesale characterization that these entries are non-conforming with the scope of the Court's orders. For example, Defendants suggest the time entries that reflect "downloading, reviewing, and analyzing documents produced" should be omitted. While Plaintiffs would have incurred expenses to review discovery in the ordinary course of litigation, the undersigned cannot agree that Plaintiffs would have incurred similar expenses if Defendants' productions complied with the Federal Rules of Civil Procedure. Rather than respond to duly served Requests for Production, Defendants' former counsel "forwarded, by multiple emails, what are often rambling, incomplete summaries prepared by Defendants, not clear responses directed to the requests." (Doc. 55.) Plaintiffs' inclusion of the time expended reviewing and analyzing Defendants' piecemeal and duplicative productions is appropriate.

The time entries do include some tasks that are arguably non-compensable under the Court's Order, including the review of Plaintiffs' own documents and addressing former defense counsel Jesser's motion to withdraw.[2] Additionally, there are entries that include two attorneys seemingly reviewing the same motion, productions and/or the same emails from opposing counsel. (*See, e.g.,* Doc. 66-1 at 2, 3, 15.) But for the fact that there were two attorneys working on the case, there would not be a need to have multiple time entries for review of the same correspondence or documents.

The determination of how much to reduce a claim for fees is committed to the court's discretion and need not be precisely computed. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees ... is to do rough justice, not to achieve auditing perfection."). Having

---

[2] On occasion, such tasks were part of the same time entries that involved other matters that were connected to the Defendants' discovery violations, so it was not inappropriate for Plaintiffs' counsel to submit them as part of their fee request. Nevertheless, the Court clarifies here that reduction of the appropriate sanction is necessary because the Court finds such matters are not a part of the sanctionable conduct in this case.

carefully reviewed the time records and the hourly rates claimed in connection with the Plaintiffs' motions to compel and Defendants' noncompliance with discovery rules and the Court's orders, the Court concludes that Plaintiffs are entitled to a reasonable award of attorney's fees in the amount of $19,414.80. This amount represents a 10% reduction in fees requested, which sufficiently accounts for any arguably duplicative efforts or time entries that include services not directly related to Defendants' sanctioned conduct. The Court specifically finds that the hourly rate Mr. Woods has claimed ($350 per hour) is reasonable given his experience, the nature of this litigation, and prevailing market rates. Similarly, Mr. Martin (attorney) and Ms. Renwick's (paralegal) rates of $260 and $150 per hour respectively are reasonable in light of the circumstances.

**B.      June 7, 2022 Affidavit of Attorney's Fees and Costs (Doc. 78)**

In their second affidavit, Plaintiffs seek fees and expenses totaling $5,058.00 for discovery efforts from January 12, 2022 through May 27, 2022. (Doc. 78.) As counsel explained in his affidavit, beginning on January 1, 2022, Plaintiffs' law firm increased their hourly billing rates to Plaintiffs, and notwithstanding the increase, Plaintiffs are still being billed at rates below the firm's standard hourly rates. Defendants filed no response to this affidavit.

Having carefully reviewed the time records and the hourly rates claimed in the second affidavit, the Court concludes that Plaintiffs are entitled to a reasonable award of attorney's fees in the amount of $4,552.20. This amount represents a 10% reduction in the fees requested, which sufficiently accounts for any duplicative billing or time entries that are not specific enough to establish the fees incurred were related to Defendants' sanctioned conduct. The Court specifically finds that the increased 2022 hourly rate Mr. Woods has claimed ($400 per hour) is reasonable given his experience, the nature of this litigation, and prevailing market rates. Similarly, Ms. Zern

5

(attorney) and Ms. Renwick's (paralegal) rates of $300 and $190 per hour respectively are reasonable in light of the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs are awarded the sanction of attorney's fees and expenses in the amount of $23,967.00 to be paid jointly and severally by Defendants Bernard Ehret and Global Ehret Processing Technology d/b/a GEP Germany GMBH for violations of Federal Rule of Civil Procedure 37. Defendants shall remit the $23,967.00 within **fifteen (15) days** of the date of this Order.

                                              NANNETTE A. BAKER
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of July, 2022.