# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL RAMSHAW, et al., ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-359-NAB |
| ) | |
| BERNHARD EHRET, et al., ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Doc. 82) of Plaintiffs' Third Motion to Compel Defendants' Discovery Responses and for Sanctions (Doc. 79). For the reasons stated on the record at the August 25, 2022 hearing and the reasons stated below, the Court will grant the Motion for Reconsideration and grant in part the Third Motion to Compel and for Sanctions. The Court also denies Defendants' Motion for Leave to Amend Counterclaims.

**I.    Background and Facts**

This case involves a business dispute between two individuals, Plaintiff Michael Ramshaw and Defendant Bernhard Ehret, and their respective companies, Plaintiffs MidAmerica Equipment Solutions, LLC and GEP America, LLC and Defendant Global Ehret Processing Technology d/b/a GEP Germany GMBH ("GEP-Germany"). The parties entered into agreements related to the sales and marketing services for manufacturers of printing, binding, and graphic arts equipment. Plaintiffs initiated this action on March 6, 2020, asserting claims for breach of contract; fraudulent misrepresentation; negligent misrepresentation; and unjust enrichment. (Doc. 1.) On May 4, 2020, Defendants filed a Counterclaim, asserting claims of misrepresentation; conversion; intentional

interference with contractual relations; tortious interference with economic advantage/business relations; passing-off; and unjust enrichment. (Doc. 17.) Plaintiffs answered the counterclaims. (Doc. 20.) On January 10, 2022, Defendants timely filed a motion for leave to amend their affirmative defenses and counterclaims. (Doc. 64.) The proposed amended pleading adds counterclaims for breach of contract and violation of the Lanham Act. (Doc. 64-1.) Plaintiffs opposed the motion for leave to file counterclaims, and alternatively sought dismissal of some of the amended counterclaims. (Doc. 68.)

The record in this case reflects a two-year history of Plaintiffs' unsuccessful attempts to obtain discovery from Defendants. On August 4, 2020, Plaintiffs served Defendants their first requests for production of documents and first set of interrogatories. On September 24, 2020, Plaintiffs filed a Request for Pre-Motion Telephone Conference on Discovery. (Doc. 22.) After a conference, the Court ordered Defendants to respond to Plaintiffs' discovery requests by October 15, 2020, and warned Defendants that failure to comply may result in sanctions. (Doc. 25.) On October 16, 2020, after the Court-ordered deadline expired, Defendants asked for an October 23, 2020 extension of time to comply. (Doc. 26.) The Court granted the extension. (Doc. 32.)

At a December 21, 2020 hearing on a motion for extension of time to conduct ADR, the Court learned that there were still discovery disputes, and the Court ordered Defendants to supplement and/or amend their discovery responses and document production by January 26, 2021. The Court also warned Defendants once again that failure to comply with the order may result in the imposition of sanctions. (Doc. 39.)

On April 14, 2021, Plaintiffs filed their first Motion to Compel and for Sanctions. (Doc. 40.) The briefing on the motion indicated that after the motion was filed, Defendants eventually provided responses, and so, on May 25, 2021, the Court denied the motion to compel as moot. The

Court also denied the request for sanctions, but reminded Defendants of their discovery obligations, that Plaintiffs exhausted significant efforts to obtain documents, and that if there was future noncompliance with the Rules or court orders, Plaintiffs could renew the motion for sanctions. (Doc. 45.)

Due to the delay in obtaining discovery, on June 8, 2021, the Court issued an Amended Case Management Order that contained new extended case management deadlines agreed to by the parties. (Docs. 46, 47.) Then, on September 6, 2021, Defendants' former counsel of record filed a motion to withdraw, and new counsel entered on November 4, 2021.

On October 22, 2021, Plaintiffs filed their second motion to compel and for sanctions. (Doc. 55.) On November 16, 2021, the Court held a conference and orally granted in part Plaintiffs' second motion to compel, ordering Defendants to fully respond to Plaintiffs' discovery requests no later than January 31, 2022. (Doc. 61.) On December 8, 2021, the Court entered the Second Amended Case Management Order that, once again, contained deadlines agreed to by the parties. (Doc. 63.) On January 11, 2022, the Court granted Plaintiffs' second motion to compel and for sanctions and allowed Plaintiffs to submit fees and costs for the Court's consideration. (Doc. 65.)

On March 16, 2022, Plaintiffs filed a Renewed Second Motion to Compel and for Sanctions. (Doc. 71.) Plaintiffs asserted Defendants did not provide supplemental discovery until six weeks after the court-imposed deadline, and Defendants did not provide actual responses to the requests or provide all of the documents requested. Defendants failed to respond to the motion. On May 24, 2022, the Court granted Plaintiffs' Second Motion to Compel, ordering Defendants to fully respond to both Plaintiffs' first and second set of discovery requests no later than May 31, 2022. (Doc. 74.) The Court also granted monetary sanctions a second time, allowing Plaintiffs to submit fees and costs for the Court's consideration. (*Id.*) The undersigned noted that the January

11, 2022 sanction order was apparently insufficient to motivate Defendants to comply with court orders and discovery rules, and warned that "if Defendants fail to timely comply with this Order or fail to demonstrate their responsiveness and diligence in providing supplemental discovery, additional sanctions will be imposed." (*Id.*)

On July 25, 2022, the Court issued an order awarding sanctions in connection with the granting of the second motion to compel and renewed second motion to compel. (Doc. 85.) In the order, the Court warned Defendants that despite their repeated references to being near bankruptcy and judgment-proof, "this cannot be an excuse for willingly ignoring the Court's orders and otherwise unnecessarily driving up the cost of litigation for Plaintiffs and the Court." (Doc. 85.) The sanctions order directed Defendants to pay, *jointly and severally*, $23,967 in fees and costs within fifteen days. (Doc. 85.) The deadline to remit the sanctions payment was August 9, 2022. (*Id.*)

## II.     Plaintiffs' Third Motion to Compel and Motion for Reconsideration

On June 10, 2022, Plaintiffs filed a third motion to compel. (Doc. 79.) The motion asks the Court for an order that Defendants fully respond to all aspects of the Court's prior orders regarding discovery. Exhibits 1 and 2 to Plaintiffs' motion (Docs. 79-1 and 79-2) contains discovery deficiencies and information and documents Defendants have failed to produce. The Court ordered the parties to meet and confer and provide a joint update to the Court regarding any remaining disputes that require Court intervention by June 24, 2022. (Doc. 80.) On July 8, 2022, after the parties did not file an update, the Court denied the motion to compel. (Doc. 81.)

On July 11, 2022, Plaintiffs filed a motion to reconsider the denial of the third motion to compel. (Doc. 82.) Plaintiffs ask for (1) an order compelling Defendants to fully respond to all

4

aspects of the Court's orders, and (2) further sanctions, including Plaintiffs' attorneys fees and costs and striking Defendants' pleadings.

In the motion, Plaintiffs state Defendants have failed to provide all the documents they were ordered to produce, and that:

> a. Defendant Ehret has instructed Defendants' Counsel to take no further actions in this case on behalf of Defendant GEP Technology ("GEP-Germany"), relative to discovery or otherwise (although counsel suggested that he may continue to defend Defendant Ehret's individual interests, in some fashion);
> b. Defendant GEP-Germany's financial circumstances are such that it is not in a position to offer anything of substantial value, to the extent that a mediation in this case were to proceed; and
> c. Defendant GEP-Germany is considering the filing of a company bankruptcy, in a European venue.

(Doc. 82 at 2.) Defendants failed to respond to the motion. On July 28, 2022, the Court held a status conference with the parties. (Doc. 86.) Based on the discussion at the conference, the Court decided to hold a motion hearing regarding the motion to reconsider the third motion to compel. The Court also ordered Defendants to file a response to the motion to reconsider no later than August 19, 2022. (Doc. 86.) Defendants failed to file a response to the motion.

On August 25, 2022, the Court held a motion hearing on the record. (Doc. 87.) At the hearing, Plaintiffs asked for an order instructing Defendants to fully respond to the discovery deficiencies in Plaintiffs' Exhibits 1 and 2. Plaintiffs also asked for monetary sanctions and the striking of Defendants' pleadings, including their answer and counterclaims.

### III. Legal Standard

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." *United States v. Big D Enterprises, Inc.,* 184 F.3d 924, 936 (8th Cir. 1999). However, "[t]he court's

5

discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just.'" *Hairston v. Alert Safety Light Prods., Inc.,* 307 F.3d 717, 719 (8th Cir. 2002).

> Available Rule 37 sanctions for failure to obey a discovery order include:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.....
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) & (C). Furthermore, Rule 55(a) provides that a court may enter a default judgment against a party for failing to "plead or otherwise defend." Fed. R. Civ. P. 55(a).

A district court's discretion "narrows as the severity of the sanction or remedy [the district court] elects increases." *Sentis Grp., Inc. v. Shell Oil Co.,* 559 F.3d 888, 898 (8th Cir. 2009) (quoting *Wegener v. Johnson,* 527 F.3d 687, 692 (8th Cir. 2008)). Some of the harshest sanctions available include striking pleadings and dismissing an action in whole or in part. Because dismissal is an extreme result, the Eighth Circuit allows dismissal to be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012) (internal quotations omitted).

6

## IV. Discussion

For the reasons stated at the August 25, 2022 hearing and after a thorough examination of the record in this case, I conclude that the facts weigh in favor of harsher sanctions against Defendants. Plaintiffs' first set of discovery requests were served on Defendants in August of 2020. Two years later, Defendants have not adequately responded to those requests. Due to Defendants' conduct, Plaintiffs were forced to file six motions related to the discovery noncompliance. In addition to Defendants' glaring failure to comply with the Federal Rules regarding discovery, Defendants have now violated at least four orders by missing court-ordered discovery deadlines and repeatedly providing delayed responses, deficient responses, and sometimes no responses at all. (*See* Docs. 25, 39, 61, 71.)

The Court notes that it rarely imposes sanctions. However, after denying Plaintiffs' initial requests for sanctions and warning Defendants on at least three occasions that sanctions may be imposed for failure to comply with discovery rules and orders (Docs. 25, 39, and 45), the Court granted two requests for monetary sanctions (Docs 65, 74). In awarding monetary sanctions, the Court advised Defendants that their financial situation "cannot be an excuse for willingly ignoring the Court's orders and otherwise unnecessarily driving up the cost of litigation for Plaintiffs and the Court." (Doc. 85.) These sanctions were intended to deter Defendants from continuing to ignore Court orders and to compensate Plaintiffs for their efforts in attempting to obtain discovery from Defendants.

Despite repeated warnings and the imposition of monetary sanctions, Defendants continue to ignore the Court's orders. Most recently, after Defendants failed to respond to the present motion, the Court allowed Defendants additional time, ordering Defendants to respond in writing

7

no later than August 19, 2022. (Doc. 86.) Consistent with their prior inaction, Defendants failed to file a response.

At the August 25, 2022 hearing, Defendants reported that they failed to pay the $23,967.00 sanctions award by the August 9, 2022 court-ordered deadline. Defendants argued that "the company" does not have the funds to pay the sanction. Defendants also reported that they do not have the funds to pursue their counterclaims. Neither Defendant reports filing for bankruptcy.

Defendants have already been advised that their financial situation does not excuse their years of willfully ignoring the Court's orders and failure to actively participate in this litigation. Defendants have been given repeated opportunities to cure their noncompliance and have chosen not to do so. The Court finds that monetary sanctions are insufficient to deter Defendants' behavior or to allow this litigation to proceed in a just, speedy, and orderly fashion. At this stage, the Court finds that the striking of pleadings is a suitable sanction to effectively punish Defendants, lessen the prejudice to Plaintiffs, and protect the integrity of this litigation. Therefore, the Court will strike Defendants' Counterclaim (Docs. 16, 17[1]) and will deny Defendants' Motion for Leave to Amend the Counterclaims (Doc. 64). The Court will also impose monetary sanctions to compensate Plaintiffs for their attorneys fees incurred due to Defendants' conduct. The Court will reserve ruling on the amount of the award until after discovery responses are supplemented as outlined below.[2]

Plaintiffs also ask the Court to strike Defendants' Answer to Complaint. (Doc. 15.) After careful consideration of the parties' arguments made on the record, the Court will strike Defendant

---

[1] It appears that Defendants inadvertently filed their Counterclaims twice. (Docs. 16, 17.) Both pleadings will be stricken.
[2] Unless the Court orders otherwise, Plaintiffs may notify the Court when they are prepared to file an affidavit and supporting documentation showing their fees and costs incurred in addressing Defendants' noncompliance with the discovery rules and court orders.

GEP-Germany's Answer. In consequence, Defendant GEP-Germany is in default. Plaintiffs are granted leave to file a motion for entry of default or for default judgment. Fed. R. Civ. P. 55; *see also Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.").

The Court will reserve ruling on whether to strike Defendant Ehret's Answer. Based on defense counsel's representations at the hearing, Mr. Ehret is willing to participate in this litigation and comply with Court orders to avoid a default judgment against him. If that is the case, the undersigned will give Mr. Ehret a final opportunity to correct course. If Mr. Ehret fails to do so, the Court will strike his Answer and enter a default judgment against him.

The Court orders Defendant Ehret to fully respond to the discovery deficiencies in Plaintiffs' Exhibits 1 and 2. (Docs. 79-1 and 79-2.) Defendant Ehret has known about some of these requests for more than two years. This is his last opportunity to fully respond to them. In so responding, the Court reminds Defendant Ehret that his discovery obligations as a party in this case include a reasonable search for information and documents in his "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1). "Control is defined broadly as the ability to obtain upon demand documents in the possession of another. The party to whom the discovery is directed need not have legal ownership or actual physical possession, but rather a 'practical ability' to obtain the documents." *Huggins v. Fed. Express Corp.*, 250 F.R.D. 404, 408 (E.D. Mo. 2008) (internal quotations omitted).

Additionally, the Court reminds Defendant Ehret that despite his counsel's argument that GEP-Germany does not have the funds to pay the previously awarded sanctions, GEP-Germany

9

and Mr. Ehret are jointly and severally liable for the amount awarded, meaning Mr. Ehret remains liable for the full amount. If the monetary sanctions are not promptly paid, there will be additional consequences.

Lastly, in case it is not already abundantly clear, Defendant Ehret's willful violations of the Federal Rule of Civil Procedure and the Court's orders will no longer be tolerated.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider the Court's Denial of Plaintiffs' Third Motion to Compel is **GRANTED**. (Doc. 82.) Defendant Ehret is ordered to fully respond to the discovery deficiencies discussed above no later than **September 15, 2022**. Defendant Ehret shall timely file a Certificate of Service with the Court confirming his compliance. Failure to fully comply will result in further sanctions, including striking of additional pleadings and the entry of default judgment.

**IT IS FURTHER ORDERED** that Defendants shall pay to Plaintiffs their reasonable attorney fees and costs incurred in addressing Defendants' noncompliance with the discovery rules and court orders, in an amount to be determined at a later date.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to Amend their Counterclaim is **DENIED**. (Doc. 64.)

**IT IS FURTHER ORDERED** that Defendants' Counterclaims are **STRICKEN**. (Docs. 16, 17.)

**IT IS FURTHER ORDERED** that Defendants' Answer is **STRICKEN** with respect to Global Ehret Processing Technology d/b/a GEP Germany GMBH's Answer. (Doc. 15.)

**IT IS FURTHER ORDERED** that the Court reserves ruling on Plaintiffs' request that Defendant Bernhard Ehret's Answer be stricken.

_____

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of August, 2022.

11