**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL RAMSHAW, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-359-NAB |
| ) | |
| BERNHARD EHRET, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment as to Defendant Global Ehret Processing Technology d/b/a GEP Germany GMBH and Request for Hearing Date to Determine Damages. (Doc. 90.) Defendants filed a response. (Doc. 91.) Plaintiffs did not file a reply, and the time to do so has passed. For the reasons stated below, the Court will grant the motion in part and deny the motion in part.

**I.    Background**

This case involves a business dispute between two individuals, Plaintiff Michael Ramshaw and Defendant Bernhard Ehret, and their respective companies, Plaintiffs MidAmerica Equipment Solutions, LLC and GEP America, LLC and Defendant Global Ehret Processing Technology d/b/a GEP Germany GMBH ("GEP-Germany"). The parties entered into agreements related to the sales and marketing services for manufacturers of printing, binding, and graphic arts equipment. Plaintiffs initiated this action on March 6, 2020, asserting claims for breach of contract; fraudulent misrepresentation; negligent misrepresentation; and unjust enrichment. (Doc. 1.) The Complaint alleges that GEP-Germany owes commissions to Plaintiffs totaling over $500,000. The Complaint further alleges that Defendants failed and refused to reimburse Plaintiffs for equipment expenses

in an amount to be determined. The Complaint requests that Defendants be held jointly and severally liable for each of the four claims.

On May 4, 2020, Defendants filed Counterclaims. (Doc. 17.) The record in this case reflects a lengthy history of Defendants repeated violations of Court orders and failure to adequately respond to Plaintiffs' discovery requests. After monetary sanctions did not deter Defendants' conduct, Defendants' counterclaims were stricken as an additional sanction. (Doc. 89.) Defendant GEP Germany's Answer was also stricken. *Id.* The Court reserved ruling on whether to strike Defendant Bernard Ehret's Answer, and his Answer currently remains a part of the record. (Doc. 15.)

Plaintiffs have moved for entry of default judgment against Defendant GEP Germany pursuant to Rule 55(b). (Doc. 90.)

**II.     Discussion**

In a multiple defendant lawsuit, default judgment should be avoided where the entry of default would create an "inconsistent and unsupportable" result. *U.S. ex rel. Costner v. United States,* 56 Fed.Appx. 287, 288 (8th Cir. 2003). "When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.,* 370 F.3d 715, 722 (8th Cir. 2004) (citing *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872)). To avoid inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party. *Id.*

Defendant GEP Germany is one of two defendants in this case, and Defendant Ehret's Answer to Plaintiffs' Complaint has not been stricken. Plaintiffs correctly note that GEP Germany is in default, and they seek a hearing at which they intend to establish the amount of damages

against GEP Germany. Defendants respond that Plaintiffs' claims are joint and several, and a default damages hearing held in advance of a trial on the merits would be inefficient because the evidence at the damages hearing would be identical to the damages evidence at trial. Plaintiffs did not file a reply brief to contest Defendants' assertion or point to independent wrongful acts or legal theories that would justify hearing damages evidence against each Defendant separately.

Based on Plaintiffs' Complaint, Defendants appear to be similarly situated, as the allegations reflect Defendant Ehret acted on behalf of Defendant GEP Germany, and Plaintiffs seek joint and several liability against Defendants for each claim. The Court finds there is a possibility of inconsistent judgments if default judgment were to be entered against Defendant GEP Germany at the present time. To avoid this result, other district courts within the Eighth Circuit have declined to enter a default judgment against a defaulting defendant when an answering defendant remains in the case. *See, e.g., Perry v. McDaniel*, No. 4:20-CV-00052-JM-JJV, 2022 WL 952689, at *5 (E.D. Ark. Mar. 17, 2022), *report and recommendation adopted,* No. 4:20-CV-00052-JM-JJV, 2022 WL 947333 (E.D. Ark. Mar. 29, 2022); *State Farm Mut. Auto. Ins. Co. v. Republic Telecom Servs., Inc.*, No. 4:21-CV-815 RLW, 2021 WL 4305751, at *1 (E.D. Mo. Sept. 22, 2021); *Bell v. Mine Safety Appliances Co.*, No. 1:13-CV-01075, 2015 WL 12912450, at *1 (W.D. Ark. Feb. 18, 2015); *Edwards v. Dwyer*, No. 1:06-CV-1 CAS, 2008 WL 222514, at *3 (E.D. Mo. Jan. 25, 2008). Based on the foregoing, the Court determines that entering a final default judgment against GEP Germany is not appropriate at this time. However, Plaintiffs have established that GEP Germany is in default. Therefore, the Court will construe Plaintiffs' motion as requesting the entry of Clerk's Default and grant the request pursuant to Fed. R. Civ. P. 55(a). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule

55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotations omitted));

*Super 8 Motels, Inc. v. Deer Lodge Super 8, Inc.*, 2007 WL 4246454, at *1 (D.S.D. Nov. 29, 2007) ("Entry of default is merely an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b)." (internal quotation omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default Judgment as to Defendant Global Ehret Processing Technology d/b/a GEP Germany GMBH and Request for Hearing Date to Determine Damages is **GRANTED in part and DENIED in part**. (Doc. 90.) To the extent Plaintiffs seek the Entry of Clerk's Default against Defendant GEP Germany pursuant to Rule 55(a), the motion is **GRANTED** and default of said defendant is hereby entered. To the extent Plaintiffs seek a default judgment pursuant to Rule 55(b), the motion is **DENIED without prejudice.**

                                                                                 NANNETTE A. BAKER
                                                                                 UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of October, 2022.