**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL RAMSHAW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-359-NAB |
| | ) | |
| BERNHARD EHRET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiffs' Fourth Motion to Compel Defendants' Discovery Responses and for Sanctions and on attorney Joe Jacobson's Motion to Withdraw as counsel for Defendants. Pursuant to the briefing schedule set in the Court's November 9, 2022 Order (Doc. 102), Plaintiffs filed their motion to compel and for sanctions on November 14, 2022. (Doc. 103.) Defendants were ordered to file a response brief by November 23, 2022, and they failed to do so. For the reasons set forth below, Plaintiffs' motion will be granted, and Defendants' motion will be denied.

**Plaintiffs' Motion to Compel and for Sanctions**

Plaintiffs first served discovery requests on Defendants on August 4, 2020. Since that time, Plaintiffs have had serious difficulty collecting responsive information and documents from Defendants. The more than two-year history of Plaintiffs' efforts and Defendants inaction and violations of the Federal Rules of Civil Procedure and Court orders is summarized in other orders issued by the undersigned, and will not be recounted here. (*See, e.g.,* Docs. 89, 96.)

As a result of Defendants' violations, Plaintiffs were awarded monetary sanctions on two separate occasions. On July 25, 2022, Defendants were ordered to pay a sanctions award of

$23,967 by August 9, 2022. (Doc. 85.) On October 21, 2022, Defendants were ordered to pay a sanctions award of $12,223.20 by November 7, 2022. (Doc. 97.) The total award of $36,190.20[1] has not been paid. As an additional sanction, the undersigned later struck Defendants' counterclaims and Defendant GEP-Germany's Answer, putting GEP-Germany in default. (Doc 89.) Defendant Ehret was given a final opportunity to comply with the Court's orders and participate in this litigation.

On December 8, 2022, the undersigned held a hearing on the present motion to compel and for sanctions. (Doc. 104.) Plaintiffs were represented by attorney of record Peter Woods, and Defendants were represented by attorney of record Joe Jacobson. Plaintiffs presented testimonial evidence that was consistent with the arguments in their briefing and the affidavits and exhibits attached to the motion. First, paralegal Dawn Renwick testified regarding her knowledge of Defendants' discovery responses and documents produced in response to Plaintiffs' discovery requests and the Court's orders on previous motions to compel. Defendants' discovery responses and Ms. Renwick's testimony reflect that Defendants have not produced financial information and documents responsive to Plaintiffs' requests. The missing information includes financial records for the time period December 30, 2019 to present. (Doc. 103 at 4.) In Defendants' written discovery responses, Mr. Ehret represents and verifies in response to the requests at issue that he has produced all responsive documents in his possession or control and/or he was unable to locate any responsive documents. (Doc. 103-2.) Plaintiffs' second witness, Michael Ramshaw, testified regarding Defendants' failure to pay the Court-ordered monetary sanctions.

Defendants did not file a written response to the motion, but appeared at the hearing to defend against it. Over Plaintiffs' objection, the Court allowed Defendants to present the testimony

---

[1] Plaintiffs' motion states the aggregate amount is $36,190.30 but the correct total amount is $36,190.20.

of Defendant Bernhard Ehret. Mr. Ehret first testified regarding his discovery efforts. (Doc. 111,

Tr. 28-32.) He testified that he did not withhold any information in response to Plaintiffs'

interrogatories, and he did not withhold any documents responsive to Plaintiffs' requests for

production. (Tr. 29, 30.) Mr. Ehret reiterated that to the extent any financial records were missing

from the production, they were not being withheld:

> Q All right. And to the extent that there are [bank account] statements
> missing, they are not being withheld by you, are they?
> A No, no, I have no reason to withhold anything. There is
> no reason for it.
> Q You have produced everything that you have?
> A Yes.
> Q All right. And there is nothing more to produce?
> A No, not that I know.
> Q And you have gone to every source that you know of where
> you might be able to get copies of these documents?
> A No. I have all which was requested and I have in
> possession and access to, I delivered.
> Q I'm sorry, my question wasn't clear. Have you gone to
> other sources to try to get copies, like, for example, to
> former bookkeepers, to the banks?
> A Yes, yes. We have one bookkeeping company, and I forced
> them to do all that Your Honor requested. They have nothing
> more to deliver.
> Q All right. So to the best of your knowledge sitting here
> today, are there any documents that you have that would be
> responsive to any of the document requests that you have not
> produced in this case?
> A Nothing which I was forced to -- I hold it back. I have
> no more documents to deliver to this case.

(Tr. 31-32.)

When Mr. Ehret's counsel moved on to questions regarding Mr. Ehret and GEP-Germany's

financial situation, Mr. Ehret admitted that he has responsive bank records in his possession and

did not produce them because he does not think they are relevant to the case.

> Q All right. How did the volume of those sales compare to
> what you had been doing previously?
> MR. WOODS: Again, Your Honor, this would be in the

financial information that's not been produced, and we object
to it.
THE WITNESS: Okay.
MR. JACOBSON: Wait. We've got an objection.
THE COURT: There is an objection, therefore, you
cannot answer. What I don't understand is why he can't
produce this documentation of the financial situation of his
finances, the bank records and that sort of thing, from 2020
to 2022.
MR. JACOBSON: Let me ask him that question.
THE COURT: Okay.
Q (By Mr. Jacobson) Mr. Ehret, is there a reason why you
are unable to produce bank records from the years 2020 to
2022?
A I will be able, but from my opinion, it makes no sense
for this case. I will explain this case if I am allowed to
where we are and for which possibility we have here to just
explain the situation if I am allowed to somewhere in this
case.
Q I'm not sure if I understood your answer. Could you
rephrase that.
A I can give the bank statements to the plaintiffs, but I
don't see any sense for the outcome of this case because the
situation now is completely different, as I explained to you
already before how the financial situation of GEP Germany at
all is.

(Tr. 36-37.) Mr. Ehret also testified that he has invoices for what GEP-Germany is paid by its

customers and receipts for what was paid to suppliers, but he decided not to submit them to his

counsel because he did not see how they impact the case. (Tr. 47-48.)

Mr. Ehret further testified that he is unable to pay the sanctions awards. (Tr. 38.) He also

testified that he has not paid any of his attorney's fees in the last year. (Tr. 39.)  When Mr. Jacobson

asked "Are you asking that I be allowed to withdraw as your lawyer in this case because you do

not wish to incur additional liabilities that you cannot pay?", Mr. Ehret responded "Yes, because

I don't see ability to pay you if you continue." (Tr. 39.) Mr. Ehret further testified that he is still in

business, earns a living through the business, and within the last year has appeared at industry

shows in Austin, Texas and Las Vegas, Nevada, but he plans to retire in six months and a few days. (Tr. 40-43.)

**Discussion**

In the motion, Plaintiffs identify deficiencies in Defendants' discovery responses and ask the Court to compel Mr. Ehret to fully respond to all aspects of the Court's Orders. The Court has ordered Defendants to fully respond to discovery requests on at least six occasions. (Docs. 25, 39, 65, 74, 86, and 89.) Plaintiffs argue that because Defendants have not complied with these orders or paid the two monetary sanctions awards, additional sanctions are required. Plaintiffs ask the Court to strike Mr. Ehret's Answer and award additional monetary sanctions for reasonable attorney's fees.

In *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in United States Currency*, the Eighth Circuit explained when an extreme sanction such as dismissal or default is appropriate:

> The Federal Rules of Civil Procedure expressly authorize sanctions for failure to comply with a court's discovery order, including striking pleadings or dismissing an action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). We review Rule 37 sanctions for abuse of discretion. *See St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832–33 (8th Cir. 2013). As the district court recognized, dismissal is an extreme sanction that should be applied "only where there is an order compelling discovery, a willful violation of the order, and prejudice to the other party." *Hughes*, 735 F.3d at 832; *see Hairston v. Alert Safety Light Prods., Inc*., 307 F.3d 717, 719– 20 (8th Cir. 2002). "[B]efore dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Comstock v. UPS Ground Freight, Inc.,* 775 F.3d 990, 992 (8th Cir. 2014) (quotation omitted).

825 F.3d 365, 369 (8th Cir. 2016).

Plaintiffs argued that the evidence established the three prerequisites for striking Mr. Ehret's pleadings. The undersigned agrees. First, the Court has issued multiple orders compelling discovery. Second, Mr. Ehret's repeated failure to timely provide complete responses to discovery

requests and the Court's orders is a willful violation of the Court's orders. If there were any doubt as to Mr. Ehret's intentions, he cleared them up at the hearing when he testified that he intentionally did not produce responsive documents in his possession or control and asked for by his counsel because he did not think they were relevant to the outcome of the case. Third, the prejudice to Plaintiffs is obvious. Plaintiffs have been attempting to move this case forward since its inception in 2020. However, Defendants' obstructionist conduct forced Plaintiffs to repeatedly seek court intervention to obtain discovery. This caused Plaintiffs to incur significant attorneys' fees, fees which the Court has ordered Defendants to pay and have not been paid. Defendants argue, without any citation to controlling authority, that the non-payment of sanctions is not the type of prejudice that warrants striking pleadings. This argument overlooks the bigger picture. Mr. Ehret's discovery violations have caused Plaintiffs harm far beyond incurring fees. His discovery violations caused years of delay and prevented the parties from conducting mediation, which may have resolved their dispute years ago. Instead, Mr. Ehret wasted Plaintiffs' time and made it far more difficult for Plaintiffs to proceed with and resolve their case. Repeated warnings and lesser sanctions did nothing to cure Mr. Ehret's conduct, and his unwillingness to comply with the rules of this Court warrant awarding additional attorneys' fees and striking his pleadings.

With respect to attorney fee sanctions, Plaintiffs may once again file an affidavit and supporting documentation showing their fees and costs incurred in making their motion and addressing Defendants' noncompliance with the discovery rules and court orders. Plaintiffs should not include in their submission any fees and costs submitted to the Court in prior affidavits.

### Default and Damages

As a result of Defendants' conduct and omissions throughout this case, Defendant GEP-Germany is already in default. Now that the undersigned will strike Defendant Ehret's Answer, he

6

will also be in default. Plaintiffs have expressed on multiple occasions the desire to have a damages hearing during the week of the current trial date. However, the Court is mindful that appropriate damages is not the only issue remaining.

"Prior to the issue of a discretionary default judgment, th[e] Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim." *Vardiman v. United States*, No. 4:17-CV-2358 RLW, 2020 WL 5441109, at *2 (E.D. Mo. Sept. 10, 2020). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Once the court determines a party is entitled to default judgment, it must ascertain the amount of damages and determine any other appropriate relief. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). When a court enters default judgment on a claim for an uncertain amount of damages, it may determine damages by holding a supplemental hearing or based upon affidavits and documentary evidence supplied by the plaintiff. *See Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (finding evidentiary hearing unnecessary when damages "are capable of being computed on the basis of facts of record").

Here, Plaintiffs have yet to file a proper motion for default judgment.[2] Once a proper motion is filed, the undersigned will be in a better position to determine whether the facts alleged

---

[2] Plaintiffs' Motion for Entry of Default as to Defendant GEP-Germany (Doc. 90) was denied in part without prejudice because Defendant Ehret remained in the case. (Doc. 96.) The undersigned notes that Plaintiffs' motion was also

in the Complaint entitle Plaintiffs to judgment on each count. Plaintiffs are granted leave to file an appropriate motion for default judgment pursuant to Rule 55(b) and should include Proposed Findings of Fact and Conclusions of Law and a Proposed Judgment.

On the issue of damages, "[t]he need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B)." *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008). If Plaintiffs believe they require a hearing to present any of their damages evidence, they may so move. Any motion for hearing should include an explanation as to why damages cannot be proved to a reasonable degree of certainty without a hearing and the estimated number of days or hours required for presentation of evidence at the hearing.

Plaintiffs may, in lieu of a request for hearing, choose to address damages in their motion for default, or file a separate motion for damages, together with any exhibits and/or affidavits in support thereof.

Although Defendants are in default, they may respond to Plaintiffs' submissions with respect to the amount of damages. Should the Court decide a hearing is necessary, Defendants may also defend themselves at that time.

### Mr. Jacobson's Motion to Withdraw

At the hearing Joe Jacobson, counsel for Defendants, explained to the Court that he is not being paid for his services, and that after the hearing he would be moving to withdraw. Later that day, Mr. Jacobson filed his motion to withdraw, asking to withdraw as counsel for Mr. Ehret and GEP-Germany "for the reasons stated in court today." (Doc. 108.) Plaintiffs have no objection to Mr. Jacobson's withdrawal. (Doc. 110.)

---

lacking as to proper legal authority setting forth the requisite elements to state a claim for each count of the Complaint so that the Court may verify any unchallenged facts in the Complaint constitute legitimate claims of breach of contract, fraudulent misrepresentation, negligent misrepresentation, and/or unjust enrichment.

The Court generally will not allow an attorney to withdraw unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation, partnership, or other business association. Such artificial entities can only act through agents, cannot appear pro se, and must be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (artificial entities may appear in federal courts only through licensed attorneys). Here, in light of Mr. Ehret's contention that he cannot pay for representation, the Court doubts he will be inclined to seek substitute counsel for himself or his company. Nevertheless, at this late stage in the case, the Court is hesitant to allow Defendants to proceed at a hearing without counsel. Therefore, the undersigned will deny Mr. Jacobson's motion without prejudice at this time. If Defendants can obtain substitute counsel before the resolution of the anticipated default motion and damages issues, the Court will reconsider its ruling.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Fourth Motion to Compel Defendants' Discovery Responses and for Sanctions is **GRANTED**. (Doc. 103.) Defendant Bernhard Ehret is **ORDERED** to fully comply with the Court's prior Orders regarding discovery deficiencies and monetary sanctions. This includes complying with discovery obligations by fully responding to the discovery deficiencies discussed at the December 8, 2022 hearing and above no later than **December 21, 2022**. Defendant Ehret shall timely file a Certificate of Service with the Court confirming his compliance.

**IT IS FURTHER ORDERED** that Defendant Bernhard Ehret shall pay to Plaintiffs their reasonable attorney fees and costs incurred in addressing his noncompliance with the discovery rules and court orders, in an amount to be determined at a later date.

9

**IT IS FURTHER ORDERED** that Defendant Bernhard Ehret's Answer is **STRICKEN**. (Doc. 15.)

**IT IS FURTHER ORDERED** that the trial date and related deadlines in this matter are **VACATED**.

**IT IS FURTHER ORDERED** that Mr. Jacobson's Motion to Withdraw is **DENIED without prejudice**. (Doc. 108.)

**IT IS FURTHER ORDERED** that Plaintiffs shall have until and including **January 6, 2023** to file an appropriate motion for entry of default judgment, supported by all necessary affidavits and documentation, along with Proposed Findings of Fact and Conclusions of Law and a Proposed Judgment against Defendants. Plaintiffs may file submissions early if they so choose, and Defendants will have seven days from the date of Plaintiffs' filings to respond.

                                              _____

                                              NANNETTE A. BAKER
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of December, 2022.