# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL RAMSHAW, MIDAMERICA EQUIPMENT SOLUTIONS, LLC, and GEP AMERICA, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     No.    4:20-CV-00359-NCC ) |
| BERNHARD EHRET and GLOBAL EHRET PROCESSING TECHNOLOGY d/b/a GEP GERMANY GMBH, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Doc. 113). The Motion is fully briefed and ready for disposition (Docs. 118, 121). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 123). For the following reasons, the Motion will be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

This case involves a business dispute between two individuals, Plaintiff Michael Ramshaw ("Ramshaw") and Defendant Bernhard Ehret ("Ehret"), and their respective companies, Plaintiffs MidAmerica Equipment Solutions and GEP America ("the Ramshaw companies") and Defendant Global Ehret Processing Technology ("GEP Germany"). Over the more than three years that this action has been pending, the Court has repeatedly sanctioned Defendants for willfully violating orders compelling discovery. Defendants' obstructionist conduct has caused Plaintiffs to incur significant attorneys' fees (which Defendants have not

paid despite being ordered to do so), has caused years of delay, has prevented the parties from conducting mediation, and has wasted Plaintiffs' time and made it far more difficult for Plaintiffs to proceed with and resolve their case.  Repeated warnings and lesser sanctions have done nothing to cure Defendants' conduct.  The following is a review of the Court's sanctions in this matter.

On May 25, 2021, the Court denied Plaintiffs' request for economic sanctions without prejudice, but reminded Defendants of their discovery obligations, acknowledged that Plaintiffs had already exhausted significant efforts to obtain discovery, and warned Defendants that further unjustified delays would not be tolerated (Doc. 45).

On January 11, 2022, the Court granted Plaintiffs' renewed request for economic sanctions (Doc. 65).  By that point, the Court had held several discovery and status conferences regarding Defendants' incomplete and untimely discovery responses (*id.* at 1).  Defendants had failed to respond to a second set of discovery requests served on August 31, 2021, and Plaintiffs complained of multiple deficiencies in Defendants' responses and supplemental responses to Plaintiffs' first set of requests which were originally served on August 4, 2020 (*id.* at 2).  In response to Plaintiffs' requests, Defendants' counsel had been forwarding emails he received from Ehret, which Plaintiffs stated were often rambling, incomplete summaries prepared by Ehret himself (*id.*).  The Court found that despite prior warnings of sanctions and numerous indications there was a problem with their discovery responses, Defendants continued their failure to respond to discovery requests or provide responses in compliance with the Federal Rules and the Court's orders (*id.* at 4).

Even after the Court granted Plaintiffs' request for economic sanctions on January 11, 2022 (and after Defendants retained new counsel who entered on November 4, 2021), Defendants' discovery violations continued (Doc. 74 at 2). On May 24, 2022, the Court again granted a request for sanctions (Doc. 72). On July 25, 2022, the Court awarded attorneys' fees and expenses in the amount of $23,967 to be paid jointly and severally by Defendants within 15 days (Doc. 85). Defendants failed to pay (Doc. 89 at 8).

Plaintiffs stated that Defendant GEP Germany's financial circumstances were such that it was not in the position to offer anything of substantial value and was considering filing for bankruptcy (*id.* at 5). Plaintiffs further stated that Defendant Ehret had instructed defense counsel to take no further action on behalf of GEP Germany relative to discovery or otherwise, but that defense counsel may continue to defend Ehret in some fashion (*id.*). At the hearing on August 25, 2022, defense counsel stated that Ehret was willing to participate in the litigation and comply with the Court orders to avoid a default judgment against him (*id.* at 9). On August 26, 2022, finding that repeated prior warnings and monetary sanctions had been insufficient, the Court further sanctioned Defendants by striking Defendants' counterclaims and Defendant GEP Germany's Answer, and awarding attorneys' fees (*id.* at 8-9). The Court stated it would give Ehret a final opportunity to correct course and, if he failed to do so, would strike his Answer as well (*id.* at 9). On October 21, 2022, the Court granted a Clerk's Default against Defendant GEP Germany and awarded attorneys' fees in the amount of $12,223.20 to be paid jointly and severally by Defendants within 15 days (Docs. 96-97). Defendants failed to pay (Doc. 112 at 2).

3

On December 8, 2022, the Court held a hearing at which Ehret testified (*id.* at 1-3). Ehret testified that he intentionally did not produce responsive documents[1] in his possession or control and asked for by his counsel because he did not think they were relevant to the outcome of the case (*id.* at 3-4, 6). He further testified that he had not paid any of his own attorney's fees in the last year (*id.* at 4). Defense counsel moved to withdraw but the motion was denied (*id.* at 8-9). On December 15, 2022, the Court finally sanctioned Defendants by striking Defendant Ehret's Answer and awarding attorneys' fees (*id.* at 9-10). The Court ordered Plaintiffs to file an appropriate motion for default judgment (*id.* at 10).

On January 6, 2023, Plaintiffs filed their Motion for Default Judgment (Doc. 113). Defendants filed a Memorandum in Opposition (Doc. 118), and Plaintiffs filed a Reply (Doc. 121). On February 9, 2023, this matter was transferred to the undersigned following the retirement of the Honorable Nannette A. Baker (Doc. 112), and the parties consented to the jurisdiction of the undersigned (Doc. 123). The Court held a status conference in the matter on March 28, 2023 in which the parties argued their respective positions as to Plaintiffs' Motion (Doc. 126). A transcript of the conference was filed on June 7, 2023 (Doc. 129). Plaintiffs' Motion for Default Judgment is fully briefed and argued and ready for disposition.

## II. STANDARD

In *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in United States Currency*, the Eighth Circuit explained when an extreme sanction such as dismissal or default is appropriate:

---

[1] Those documents include bank records from the years 2020 to 2022 demonstrating Defendants' financial situation, as well as invoices for what GEP Germany is paid by its customers and receipts for what was paid to suppliers (Doc. 112 at 3-4).

4

> The Federal Rules of Civil Procedure expressly authorize sanctions for failure to comply with a court's discovery order, including striking pleadings or dismissing an action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). We review Rule 37 sanctions for abuse of discretion. *See St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832–33 (8th Cir. 2013). As the district court recognized, dismissal is an extreme sanction that should be applied "only where there is an order compelling discovery, a willful violation of the order, and prejudice to the other party." *Hughes*, 735 F.3d at 832; *see Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719–20 (8th Cir. 2002). "[B]efore dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Comstock v. UPS Ground Freight, Inc.,* 775 F.3d 990, 992 (8th Cir. 2014) (quotation omitted).

825 F.3d 365, 369 (8th Cir. 2016).

"Prior to the issue of a discretionary default judgment, th[e] Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim." *Vardiman v. United States*, No. 4:17-CV-2358 RLW, 2020 WL 5441109, at *2 (E.D. Mo. Sept. 10, 2020). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Once the court determines a party is entitled to default judgment, it must ascertain the amount of damages and determine any other appropriate relief. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). When a court enters default judgment on a claim for an uncertain amount of damages, it may determine damages by holding a supplemental hearing or based upon

5

affidavits and documentary evidence supplied by the plaintiff. *See Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988).

### III.  Discussion

#### A.  Default Sanction

The Court has previously ordered Defendants to fully respond to discovery on at least six occasions (Docs. 25, 39, 65, 74, 86, and 89); issued multiple warnings about the consequences of Defendants' failure to comply; and granted escalating insufficient sanctions in the form of multiple unpaid monetary sanctions totaling $36,190.20 (Docs. 65, 72, 85, 89, 97), the striking of Defendants' counterclaims and GEP Germany's Answer, resulting in a Clerk's Default against GEP Germany (Docs. 89, 96), and, ultimately, the striking of Ehret's Answer warranting entry of a default judgment (Doc. 112). Though the striking of Ehret's Answer, placing him in default along with GEP Germany, was an extreme sanction, it was warranted in this case, as the Court previously found:

> Plaintiffs argued that the evidence established the three prerequisites for striking Mr. Ehret's pleadings. The undersigned agrees. First, the Court has issued multiple orders compelling discovery. Second, Mr. Ehret's repeated failure to timely provide complete responses to discovery requests and the Court's orders is a willful violation of the Court's orders. If there were any doubt as to Mr. Ehret's intentions, he cleared them up at the hearing when he testified that he intentionally did not produce responsive documents in his possession or control and asked for by his counsel because he did not think they were relevant to the outcome of the case. Third, the prejudice to Plaintiffs is obvious. Plaintiffs have been attempting to move this case forward since its inception in 2020. However, Defendants' obstructionist conduct forced Plaintiffs to repeatedly seek court intervention to obtain discovery. This caused Plaintiffs to incur significant attorneys' fees, fees which the Court has ordered Defendants to pay and have not been paid. Defendants argue, without any citation to controlling authority, that the non-payment of sanctions is not the type of prejudice that warrants striking pleadings. This argument overlooks the bigger picture. Mr. Ehret's discovery violations have caused Plaintiffs harm far beyond incurring fees. His discovery violations caused years of delay and prevented the parties from conducting

6

> mediation, which may have resolved their dispute years ago. Instead, Mr. Ehret wasted Plaintiffs' time and made it far more difficult for Plaintiffs to proceed with and resolve their case. Repeated warnings and lesser sanctions did nothing to cure Mr. Ehret's conduct, and his unwillingness to comply with the rules of this Court warrant awarding additional attorneys' fees and striking his pleadings.

(Doc. 112 at 5-6).  The Court finds that entry of default judgment is an appropriate sanction.

**B.  Default Judgment**

For the purposes of a motion for default judgment, the Court must take the factual allegations in the Complaint as true and determine whether the unchallenged facts constitute a legitimate cause of action.  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  In their Opposition to Plaintiff's Motion for Default Judgment, Defendants argue that judgment should be entered for Ehret on Counts I and IV and for both Defendants on Counts II and III because Plaintiffs have not sufficiently pled their claims (Doc. 118).  The Court finds that Plaintiffs are entitled to default judgment on Count IV for unjust enrichment against both Defendants, and otherwise denies Plaintiffs' Motion.

**i.  Count IV**

This case involves the business relationship between Ramshaw and Ehret and their respective companies.  In 2015, the Ramshaw companies became the exclusive distributors of GEP Germany's equipment in the United States.  The gravamen of the Complaint is that Ehret orally represented to Ramshaw that he would pay at least a 10% commission on all sales and that he would reimburse for expenses involving shipping, installation, and servicing.  *See* Doc. 1 at 3; Doc. 111 at 52.  As commissions and expenses went unpaid, Ehret continued to represent to Ramshaw that he would be paid and Ramshaw, in turn, continued to secure sales of GEP Germany's equipment.  *See* Doc. 1 at 4-5.

7

As with Count I for breach of contract, discussed infra, Defendants argue that Ehret was acting as an agent for GEP Germany and is not personally liable for unjust enrichment because it was GEP Germany that received any benefit (Doc. 118 at 11-12). The Court disagrees. *See Reyner v. Crawford*, 334 S.W.3d 168, 174 (Mo. Ct. App. E.D. 2011) (unjust enrichment is an equitable remedy based on the concept of a "quasi-contract" or "contract implied in law"); *Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261, 264 (Mo. Ct. App. 1984) (a "contract implied in law" is imposed or created without regard to the promise of the party to be bound).

"An unjust enrichment claim requires a showing that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Binkley v. Am. Equity Mortg., Inc.*, 447 S.W.3d 194, 199 (Mo. 2014) (internal quotation omitted). The Complaint alleges as follows:

> 53. *Bernhard Ehret and GEP Germany benefitted* from marketing and sales expertise in the printing and packing industry, received by and through Plaintiffs, particularly within the United States, but also including sales GEP Germany made in other parts of the world.
>
> 54. Specifically, Michael Ramshaw utilized his experience and expertise to assist Bernhard Ehret and GEP Germany in negotiating, selling, and servicing Equipment sales to customers identified and qualified by Michael Ramshaw and Ramshaw's Companies.
>
> 55. Michael Ramshaw's actions *conferred a direct benefit on GEP Germany and Bernhard Ehret*.
>
> 56. Because Plaintiffs were never compensated for a substantial portion of these efforts in securing these Equipment sales, *Bernhard Ehret and GEP Germany were enriched* at Plaintiffs' expense.
>
> 57. *Allowing Bernhard Ehret and GEP Germany to retain* the entire proceeds from the Equipment sales secured as a result of Michael Ramshaw's efforts would be unjust.

8

(Doc. 1 at 9) (emphasis added).  Thus, the Complaint sets forth the essential elements and asserts that both GEP Germany *and* Ehret received a benefit and were unjustly enriched.  The Court will grant default judgment against both Defendants on Count IV.

### ii. Remaining Counts

Even taking the facts pled in the Complaint as true, the nature of the "contract" in this case is murky.  Defendants specifically argue that Ehret was not a party to any contract and therefore cannot be personally liable (Doc. 118 at 1-5).  The Court agrees.  *See* Doc. 1 ¶ 15 (stating that Ehret was "acting on behalf of GEP Germany"); *id.* ¶ 40 (same); *see also Benson Optical Co. v. Floerchinger*, 810 S.W.2d 531, 534 (Mo. Ct. App. 1991) (setting forth presumption that officer contracting on behalf of corporation is not personally liable).  The Court will deny Plaintiffs' Motion for Default Judgment on Count I for breach of contract.

Moreover, Plaintiffs' claims for fraudulent and negligent misrepresentation are essentially restatements of their claim for breach of contract.  Therefore, the Court will likewise deny Plaintiffs' Motion for Default Judgment on Counts II and III for fraudulent and negligent misrepresentation.  *See Rollstock, Inc. v. SupplyOne, Inc.*, No. 4:21-CV-00395-RK, 2023 WL 2405541, at *9 (W.D. Mo. Mar. 8, 2023) (Missouri's economic loss doctrine generally bars fraud and misrepresentation claims involving contractual relationships).  The Court further finds that Plaintiffs' fraudulent misrepresentation claim (Count II) is not pled with sufficient particularity.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (Rule 9(b) requires "the who, what, when, where, and how: the first paragraph of any newspaper story"); *see also Murr Plumbing, Inc. v. Scherer Bros. Fin.*

*Servs. Co.*, 48 F.3d 1066, 1070-71 (8th Cir. 1995) (district court may enter summary judgment dismissing a complaint alleging fraud if fraud is not pled with sufficient particularity).

### C.  Damages

In their opposition, Defendants summarily argue that there are "gross inadequacies" in Plaintiffs' calculation of damages and request an evidentiary hearing (Doc. 118 at 12-13).  At the status conference held on March 28, 2023, defense counsel conceded that Defendants do not have the right to present additional evidence and stated there was no dispute as to the sales and the dollar amounts of the sales or the amounts that were paid to Plaintiffs in commissions (Doc. 129 at 6, 18).  But defense counsel argued that Defendants should be allowed cross-examination at a hearing to show Plaintiffs' damages are exaggerated (*id.* at 6).  Counsel disputed Ehret's personal liability and stated there was disagreement about the commission rate and who would pay particular expenses (*id.* at 7, 13-14, 18-20).  Counsel concluded, "Our primary focus really on the damages is the percentages [for commissions] and the absence of an agreement by Mr. Ehret individually to be paying commissions" (*id.* at 20).

When a court enters default judgment on a claim for an uncertain amount of damages, it may determine damages by holding a supplemental hearing or based upon affidavits and documentary evidence supplied by the plaintiff.  *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988).  Notwithstanding the defendant's default, the plaintiff must prove actual damages "to a reasonable degree of certainty."  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001).  "Foregoing an evidentiary hearing may constitute abuse of discretion when the existing record is insufficient to make necessary findings in support of a default judgment."  *Stephenson v. El-Batrawi*, 524 F.3d 907, 917 n.11 (8th Cir. 2008).

10

The Court has reviewed Plaintiffs' submission regarding damages and finds that a hearing is necessary. There are small matters requiring clarification. For example, for the March 29, 2019 sale to MSP, it is unclear to the Court how Plaintiffs arrived at the commission amount of $39,560. *See* Doc. 113-1 at 11. While Defendants do not dispute the dollar amounts of the sales or the amounts that were paid to Plaintiffs in commissions, see Doc. 129 at 18, Plaintiffs must establish their damages to a reasonable degree of certainty. In addition, the Court will permit Defendants an opportunity for cross-examination. *See L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758–62 (5th Cir. 2019), *as revised* (June 6, 2019) (vacating damages award and instructing district court to allow cross-examination on remand in case involving entry of default judgment as a sanction).

But the scope of cross-examination will be limited. There is a "distinction between facts that relate to liability and facts that relate to the amount of damages." *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015). "A defaulted claim … precludes a party from contesting the facts in the complaint that establish liability" while "facts that relate to the amount of the plaintiff's damages … are fair game." *Id.* at 882-83. The Court has addressed Defendants' arguments regarding Ehret's personal liability above. Moreover, the Court takes as true the facts pled in the Complaint that Ehret represented he would pay at least a 10% commission rate (Doc. 1 ¶¶ 15, 48, 50) and reimburse for all expenses and costs involving shipping, installation, and servicing of equipment (*id.* ¶¶ 16, 25-26).

Finally, the Court notes that damages in an unjust enrichment case are set by the value to the defendant of the benefit received and, specifically, the amount of enrichment which would be unjust for the defendant to retain. *Lambley v. Diehl*, 603 S.W.3d 346, 361 (Mo. Ct. App. 2020).

The Court further notes that a plaintiff may seek prejudgment interest under section 408.020 on a claim of unjust enrichment.  *Newell Mach. Co. v. Pro Cir., Inc.*, 596 S.W.3d 635, 652 (Mo. Ct. App. 2020).

## IV.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 113) is **GRANTED in part** and **DENIED in part**.  The Court grants default judgment on Count IV against both Defendants, and otherwise denies the Motion.

A separate final judgment shall be entered following the hearing on the issue of damages.

Dated this 25th day of September, 2023.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE